[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-10619
Non-Argument Calendar
_____

D.C. Docket No. 3:11-cv-00054-TJC-MCR

DOUG JONES,

Plaintiff-Appellant,

versus

JOHN RUTHERFORD, in his official capacity as
Sheriff of the Consolidated City of Jacksonville, Florida,
MARSHALL SMITH, individually,

Defendants-Appellees,

SEVERAL UNKNOWN CORRECTIONS OFFICERS, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 19, 2013)

Before DUBINA, MARCUS and COX, Circuit Judges.

PER CURIAM:

Doug Jones challenges on appeal the district court's grant of summary judgment in favor of Sheriff John Rutherford, in his official capacity as Sheriff of the City of Jacksonville, and Corrections Officer Marshall Smith. Jones contends that Smith and Rutherford were deliberately indifferent to his serious medical needs and that Rutherford violated the Americans with Disabilities Act by failing to provide adequate medical care. Because Jones fails to provide evidence of essential elements of his claims, we affirm.

## I.

Jones filed a five-count complaint against Rutherford and Smith for injuries he suffered from severe alcohol and drug withdrawal while incarcerated by the Jacksonville Sheriff's Office ("Jacksonville"). (Dkt. 20.) Counts 1 and 2 claim under 42 U.S.C. § 1983 that Smith and Rutherford were deliberately indifferent to Jones's serious medical needs in violation of the Fourteenth Amendment. Count 3 alleges that Rutherford violated the Americans with Disabilities Act (the "ADA") by failing to reasonably accommodate Jones's medical condition. *See generally* 42 U.S.C. §§ 12101 *et seq.* Count 5 alleges that Rutherford violated the ADA by failing to provide adequate medical care.[1]

Rutherford and Smith both filed motions for summary judgment. (Dkt. 37 & 38.) The magistrate judge recommended that summary judgment should be

---

[1] Jones voluntarily dismissed Count 4 which alleged that Dr. Max Solano violated the ADA by failing to provide adequate treatment for Jones. (Dkt. 35.)

granted in favor of Rutherford and Smith on all counts.  (Dkt. 49.)  Over Jones's objections, the district court adopted the magistrate judge's Report and Recommendation and granted summary judgment in favor of Rutherford and Smith.  (Dkt. 52.)  Jones appeals.

## II.

Jones contends that the district court erred by: (1) granting summary judgment in favor of Smith on Count 1, (2) granting summary judgment in favor of Rutherford on Count 2, and (3) granting summary judgment in favor of Rutherford on the ADA claims.

## III.

"We review a district court's grant or denial of summary judgment de novo." *Brown v. Sec'y of State of Fla.*, 668 F.3d 1271, 1274 (11th Cir. 2012).  Summary judgment is appropriate when "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a).  In considering a summary judgment motion, all evidence is viewed in the light most favorable to the non-movant.  *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224–25 (11th Cir. 2002).  Summary judgment is appropriate against a party that "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).  Once the moving party requests summary

3

judgment on the absence of necessary evidence, the nonmoving party must "go beyond the pleadings and . . . designate specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S. Ct. at 2553 (citations omitted).

## A.

First, Jones contends that the district court erred by granting Smith summary judgment on the claim of unconstitutional deliberate indifference. Smith responds that the summary judgment order was correct since Jones failed to provide sufficient evidence supporting the essential elements of his claim.

To prove a deliberate-indifference claim, the plaintiff must prove three elements: (1) that he had an objectively serious medical need; (2) that the defendant acted with deliberate indifference to that need; and (3) that the deliberate indifference caused the plaintiff's injury. *Goebert v. Lee Cnty*., 510 F.3d 1312, 1326 (11th Cir. 2007). To prove that the defendant acted with deliberate indifference to the plaintiff's medical need, the plaintiff must show that the defendant (1) had subjective knowledge of a risk of serious harm; (2) disregarded the risk; and (3) acted grossly negligent. *Id.* at 1327.

Assuming Jones meets the first element of a serious medical need, Jones does not present evidence of the second or third elements: that Smith acted with deliberate indifference to his medical needs or that the deliberate indifference caused his injury. The only evidence Jones presents is that (1) a guard noted in a

prison log that Jones had "faked" a seizure and (2) that a nurse told him that a guard told her that correction officers stood outside of his cell and did not intervene during a medical episode. Even assuming this evidence is admissible, and viewing in the light most favorable to Smith, neither claim shows that Smith was even present. Jones's proffered evidence is insufficient because it fails to designate specific facts showing there is a genuine issue on these two elements. *See Celotex*, 477 U.S. at 323, 106 S. Ct. at 2552. Evidence that some corrections officers were present and did not provide medical attention is insufficient to allow a jury to infer that Smith was present, subjectively knew of a risk of harm, acted with gross negligence in disregarding that risk, and—as a result—caused Jones's injuries. *See Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1318 (11th Cir. 2011) (at summary judgment stage, "evidence, consisting of one speculative inference heaped upon another, [is] entirely insufficient").

Thus, because Jones cannot designate specific facts showing that Smith acted with deliberate indifference to any medical need, the district court correctly granted Smith summary judgment.

B.

Second, Jones asserts that the district court erred by granting Rutherford, in his official capacity, summary judgment on the claim of unconstitutional deliberate indifference. Rutherford responds that the summary judgment order was correct since Jones failed to provide evidence supporting the essential elements of his claims.

Because Jones brought suit against Rutherford in his official capacity, Jones has essentially sued Jacksonville. *See Owens v. Fulton Cnty.*, 877 F.2d 947, 951 n.5 (11th Cir. 1989) (noting that a suit against a public official in his official capacity is a suit against the local government he represents). Local governments (like Jacksonville) are liable under § 1983 if "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, 98 S. Ct. 2018, 2035–36 (1978). Municipalities are not liable under a *respondeat superior* theory. *Id.* at 691, 98 S. Ct. at 2036. Rather, a plaintiff has to prove a causal link: that the policy was the "moving force" behind the allegedly unconstitutional action. *Id.* at 690–94, 98 S. Ct. 2035–38.

Jones does not clearly articulate how Jacksonville is the "moving force" behind the officer's alleged deliberate indifference. Jones fails to cite or identify a

6

single problematic policy, much less provide any evidence that a policy actually caused the alleged constitutional violation. Even taking as true Jones's colorful allegations of constitutional violations, Jones offers no evidence linking these violations with Jacksonville.

In contrast, Rutherford provides multiple examples of Jacksonville policies that actually prohibit and prevent the alleged constitutional violations. First, Jacksonville has separate housing for inmates with mental health issues. (Dkt. 39-17 at 6.) Second, Jacksonville provides a 40-hour class to teach prison officials how to deal with inmates suffering from mental health issues. (Dkt. 39-17 at 10-11.) Third, Jacksonville has specific policies, promulgated in accord with national standards, to care for inmates suffering from drug or alcohol withdrawal. (Dkt. 39-16 at 10.) Fourth, Jacksonville's prisons are accredited by the American Correctional Association, Florida Corrections Accreditation Commission, and the National Commission on Correctional Health Care. (Dkt. 39-23 at 1-2.) In addition to following these accreditation standards, Jacksonville also follows the Florida Model Jail Standard. (*Id.*)

Thus, because Jones provided no evidence that Jacksonville had a policy that was the moving force behind the alleged constitutional violations, the district court correctly granted Rutherford summary judgment.

C.

Third, Jones contends that the district court erred in granting Rutherford, in his official capacity, summary judgment on the claims alleging Jacksonville violated the ADA.  Rutherford responds that the summary judgment order was correct since Jones failed to state an ADA violation.

"In order to state a Title II claim, a plaintiff generally must prove (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability." *Bircoll v. Miami-Dade Cnty.*, 480 F.3d 1072, 1083 (11th Cir. 2007).

Jones fails to state a claim that Jacksonville denied him the benefit of any "public entity's services, programs, or activities" in either of the two ADA counts. *Id.*  Rather, Jones only argues that he was given insufficient medical care and that due to the lack of proper medical care he was hospitalized at the time of his court appearance.  However, the ADA is not a "remedy for medical malpractice" and "would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners." *Schiavo v. Schiavo*, 403 F.3d 1289, 1294 (11th Cir. 2005) (citing *Bryatn v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996)).

Thus, because Jones fails to state a valid ADA claim as a matter of law, the district court correctly granted Rutherford summary judgment.

## IV.

Jones fails to provide sufficient evidence of essential elements of his claims. Accordingly, the district court correctly granted the Defendants' summary judgment on all counts and we affirm.

AFFIRMED.